**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EUGENE DOKES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-CV-25 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Eugene Dokes' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) ("§ 2255 Motion"). The United States opposes the Motion (ECF No. 12), and the matter is ready for decision. For the following reasons, the Court finds the § 2255 Motion is moot and will dismiss it on that basis.

**Background**

Defendant was indicted by a federal grand jury on December 10, 2015, on four counts of theft of United States Property in violation of 18 U.S.C. § 641, arising out of a scheme to fraudulently obtain Social Security disability benefits by making false statements to the administrative agency regarding Dokes' ability to function and daily activities. United States v. Dokes, 4:15-CR-545 RLW (E.D. Mo.) (ECF No. 2). Defendant entered a plea of guilty on June 23, 2016 to four counts of theft of United States Property in violation of 18 U.S.C. § 641, for knowingly receiving four Social Security disability benefits to which he was not entitled. Id. (ECF No. 55). On September 19, 2016, the Honorable Carol E. Jackson sentenced Movant to a term of five years' probation including six months home confinement, and ordered him to pay restitution of $45,835.60 to the Social Security Administration. Id. (ECF No. 75).

Movant filed a direct appeal, asserting that the Court abused its discretion in denying his motion for leave to file untimely objections to the Presentence Investigation Report's loss determination. United States v. Dokes, 872 F.3d 886, 888-89 (8th Cir. 2017). The Eighth Circuit Court of Appeals held that the Court was "well within its discretion" to refuse to permit the untimely objections. Id. at 889. The Eighth Circuit also noted that "Dokes's motion for leave to file untimely objections was no doubt futile" for several reasons, including that if the Court had allowed an untimely objection to the amount of loss, "the government could have presented evidence addressing when Dokes was able to engage in substantial gainful activity, see 42 U.S.C. § 1382c(a)(3)(A), when he intended to begin receiving benefits he did not deserve, and how long he intended those benefit thefts to continue." Id.

Movant timely filed his § 2255 Motion on January 4, 2019.[1] In it, Dokes asserts a single claim of ineffective assistance of counsel. Dokes claims his attorney failed to inform Dokes of the existence or efficacy of a public authority defense, despite Dokes timely providing sufficient evidence to support such a defense, which resulted in his plea of guilty being uninformed, unknowing, and involuntary. (ECF No. 1 at 4.)

The United States filed an opposition to the merits of Dokes' § 2255 motion (ECF No. 12). Dokes did not file a reply. During his five-year term of probation, Dokes was supervised by the United States Probation Office in the Eastern District of California where he lives. That office reports Dokes completed federal supervision on September 18, 2021. Court financial records show Dokes has no outstanding balance due as he paid both his special penalty assessment and restitution in full, with the last payment made on August 25, 2017.

---

[1] Judge Jackson is retired and the case was transferred to this Court on January 8, 2019.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has instructed that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  The Court must hold an evidentiary hearing to consider claims "unless the motion, files, and record conclusively show [the movant] is not entitled to relief." Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001).

**Discussion**

A petition for habeas corpus must be filed while the petitioner is "in custody" under sentence of a federal court.  28 U.S.C. § 2255(a); see Maleng v. Cook, 490 U.S. 488 (1989).  The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." Id.  Once a sentence has expired, however, a habeas petitioner must show a concrete and continuing injury, i.e., a collateral consequence of the conviction, in order to continue his action.  Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Farris v. United States, No. 4:15-CV-01728 JAR, 2019 WL 316567, at *2 (E.D. Mo. Jan. 24, 2019) (citing cases).  In the present case, Dokes was never incarcerated in the federal Bureau of Prisons, but filed his § 2255 Motion while serving a sentence of probation.  Dokes has since completed his term of probation.

3

Even if the Court were to rule in Dokes' favor on his ineffective assistance of counsel claim, such a ruling would have no effect. There is no possible remedy available to shorten a term of probation that Dokes has completed serving. Therefore, his § 2255 claim is now moot. See Giese v. United States, 853 F. App'x 46, 47 (8th Cir. 2021) (dismissing as moot appeal from denial of motion to vacate sentence under § 2255, where the movant had been released from prison and his § 2255 motion alleged only ineffective assistance of counsel for failing to seek a downward departure); see also Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that release will moot a § 2255 motion when the petitioner "challenge[s] only his term of imprisonment" and not "the term of supervised release").

**Conclusion**

For these reasons, Movant Eugene Dokes' § 2255 Motion is moot because he has completed his imposed federal sentence. The Motion is subject to dismissal on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Eugene Dokes' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Dokes has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated that reasonable jurists could debate whether the Court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A separate Judgment will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of January, 2022.